**The document below is hereby signed this June 22, 2012, at 11:52 a.m.  The clerk shall hand-mail a copy to the plaintiff, Lisa Lande.**

**Dated: June 22, 2012.**

_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
BRET WILLIAMS DESMARTEAU,      )   Case No. 11-00418
                               )   (Chapter 7)
              Debtor.          )
_____)
                               )
LISA LANDE,                    )
                               )
              Plaintiff,       )
                               )
       v.                      )   Adversary Proceeding No.
                               )   11-10036
BRET W. DESMARTEAU,            )
                               )   Not for publication in
              Defendant.       )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
The court held a hearing on Lisa Lande's *Motion for Emergency Temporary Restraining Order and/or Preliminary Injunction until Further Order of this Court* (Dkt. No. 26) on June 20, 2012, which both the plaintiff and defendant's counsel attended.  During the hearing, the court denied the motion by

oral ruling.[1]

However, after the hearing the court determined that the plaintiff's undisputed representations establish a substantial likelihood of success with respect to her claim that she has a security interest in the debtor's vehicle (a 2001 black Ford Expedition), because she would be entitled to seek reformation of the security agreement to change the description of the collateral from "2002 Black Ford Expedition" to a 2001 black Ford Expedition.  *See In re Ivenux, Inc.*, 298 B.R. 442 (Bankr. D. Colo. 2003) (determining that a security agreement may be reformed based on mutual mistake).

In addition, because the debtor never exempted the vehicle, it remains property of the estate.  Although the trustee has filed a report of no distribution, the case has not yet been closed, and 11 U.S.C. § 554(c) (causing scheduled property not administered in the case to be abandoned upon the closing of the case) has not come into play.  The trustee may have filed a report of no distribution upon the assumption that the debtor

---

[1] The court notes that subject matter jurisdiction exists because the outcome of the plaintiff's motion potentially has an impact on the administration of the estate.  Even though the trustee has filed his Report of No Distribution, the trustee would be entitled, under 11 U.S.C. § 544, to avoid Ms. Lande's lien as unperfected and preserve the lien for the benefit of the estate under 11 U.S.C. § 551.  Ms. Lande, as a creditor, has standing to preserve that potential recovery by the trustee, and to invoke the automatic stay of 11 U.S.C. § 362(a) as a bar to the debtor's disposition of the vehicle or its proceeds.

could exempt the automobile's value in whole using 11 U.S.C. § 522(d)(2) and (5).  If, however, the vehicle is subject to an unperfected lien in favor of Lande, the trustee could avoid that lien and preserve it for the benefit of the estate pursuant to 11 U.S.C. §§ 544 and 551.

Because the vehicle remains property of the estate, the debtor is barred by 11 U.S.C. § 362(a)(3) from exercising control over the vehicle by selling it, and any sale would be void.  This furnishes a ground for issuing a temporary restraining order against the sale of the vehicle so long as it remains property of the estate and the automatic stay remains in place as to the vehicle.

If the automatic stay were lifted, the court would not enjoin the defendant from selling his vehicle, but the court would direct that any proceeds from the sale of the vehicle shall be held in escrow pending resolution of the motion for a preliminary injunction.  The plaintiff would suffer irreparable harm if the proceeds from the sale of the car were dissipated because she would be unable to collect on any debt that she establishes is secured by the vehicle.  Moreover, the injunction would not substantially injure other interested parties.  The defendant would still be free (if the automatic stay were terminated) to sell his vehicle and, as a consequence, the injunction would not force the defendant to delay the sale of a

depreciating asset.  Finally, the public interest does not weigh either in support of or against the injunction.[2]  Accordingly, the court finds that the balance of the equities supports the issuance of a limited temporary restraining order.[3]

Under Fed. R. Civ. P. 65 (which applies to this proceeding pursuant to Fed. R. Bankr. P. 7065), the temporary restraining order expires 14 days after entry of the order unless, for good cause, the court extends the period of time.  The court will extend the date of expiration of the temporary restraining order because the defendant is minimally harmed by the order since it only stays a sale so long as the automatic stay applies to the vehicle, and then freezes the proceeds of any sale of the car and does not prevent the defendant from selling the car (if the automatic stay is lifted to permit a sale).

In addition, Dct.LCvR § 65.1 governs applications for

---

[2] To obtain injunctive relief through a temporary restraining order, the moving party must show: "(1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction."  *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006).

[3] The plaintiff has failed to show a substantial likelihood of success with respect to her claim of a security interest in the defendant's watch collection and jewelry, because she has not shown that any alleged lien would not be avoided under 11 U.S.C. § 522(f)(1)(B)(i).  Accordingly, her motion will be denied to the extent it seeks an injunction freezing those assets.

4

preliminary injunctions and provides, in paragraph (c), that:

> An application for a preliminary injunction shall be made in a document separate from the complaint. The application shall be supported by all affidavits on which the plaintiff intends to rely. The opposition shall be served and filed within seven days after service of the application for preliminary injunction, and shall be accompanied by all affidavits on which the defendant intends to rely. Supplemental affidavits either to the application or the opposition may be filed only with permission of the court.

Therefore, the plaintiff must file any supporting affidavits on which she intends to rely by the date specified below.

Accordingly, it is

ORDERED that the plaintiff's *Motion for Emergency Temporary Restraining Order and/or Preliminary Injunction until Further Order of this Court* (Dkt. No. 26) is GRANTED IN PART and DENIED IN PART.  It is further

ORDERED that unless and until the automatic stay of 11 U.S.C. § 362(a) is terminated as to the vehicle, the debtor shall not sell his car.  It is further

ORDERED that should the automatic stay be lifted as to the car, and the defendant were to sell his car, he shall place the proceeds from such sale in escrow pending resolution of the preliminary injunction hearing.  And it is

ORDERED that the plaintiff shall file and serve all affidavits in support of her motion for a preliminary injunction on which she intends to rely, in accordance with Dct.LCvR 65.1(c), by **July 2, 2012.**  It is further

ORDERED that the defendant's opposition shall be served and filed by **July 12, 2012**.  It is further

ORDERED that a hearing on the plaintiff's motion for a preliminary injunction will be held on **July 16, 2012 at 10:30 a.m.** in Courtroom 1.  It is further

ORDERED that this temporary restraining order shall remain in effect until and including **July 16, 2012**.  It is

ORDERED that except as set forth above, Ms. Lande's request for a temporary restraining order is otherwise DENIED.

[Signed and dated above.]


Copies to: All counsel of record; Lisa Lande; chapter 7 trustee.